LEVIN PETTIJOHN, appellant, d. b. *vs.* DANIEL HUDSON, respondent, p b.

If one constable having an execution in his hands, deliver it to another who collects the money, the second constable is not liable to the plaintiff on his official bond; but may be sued in assumpsit for money had and received to the plaintiff's use.

Daniel Hudson, the respondent, recovered a judgment before Justice Tindal, against John Lynch, for $21 90; and issued an execution thereon, which was delivered to constable Isaac Jefferson. Jefferson placed the execution in the hands of constable Pettijohn, who collected the money from the defendant Lynch. The execution was not returned by either.

The present action was in assumpsit against Pettijohn, for money had and received to Hudson's use. There was also a special count setting out all the facts.

*Mr. Cullen,* for plaintiff, contended that the action of assumpsit would lie, and cited, 1 *Wend. Rep.* 534; 9 *Johns. Rep.* 96; *Chitty Cont.* 607, 641 ; 2 *Johns. Rep.* 183; 2 *Saund. Pl. & Ev.* 212, [673;] 1 *Com. L. Rep.* 277 ; 1 *Harr. Rep.* 446 ; 7 *Johns. Rep.* 470 ; 1 *Ibid* 130 ; A parol promise to one for the benefit of another, will be sufficient as a ground of suit by that other.

*Houston* and *Layton,* contra, relied that assumpsit would not lie because the remedy was against the defendant on his bond, or for a breach of official duty ; nor would it lie against him as the deputy

of Jefferson; nor individually, as there was no privity between him and Hudson.

*The Court* sustained the action. Mr. Pettijohn was not the officer to whom this execution was directed or delivered. He was not accountable on his bond, or in the summary remedy under the act of 1833, for money received under color of this execution. If he is not responsible to Hudson, under the count for money had and received, he is not liable at all, though he actually received the money for the use of Hudson, and to which he was lawfully entitled. He received the money as the agent of Jefferson, and not by any deputation.

It was proved in the case that Pettijohn forwarded to Jefferson his note for the amount which he had collected on this execution, which Jefferson refused to receive in payment, but retained as an evidence of the debt; and the defendant relied on this as discharging him from any liability to Hudson; but the court held otherwise, unless Jefferson had accepted the note in payment to him; and this before suit was brought by Hudson. Pettijohn received this money as the agent for Jefferson; it belonged to Hudson; and Hudson had his action against him for money had and received to his use, if he pursued his remedy against the agent before settlement with his principal. (1 *Selw. N. P.* 79, *n.*)

Judgment for plaintiff.

*Cullen*, for plaintiff.
*Houston* and *Layton*, for defendant.